### UNITED STATES PLAYING–CARD CO. v. SPALDING et al.

(Circuit Court, S. D. New York. February 24, 1899.)

PATENT SUITS—SCOPE OF INJUNCTION—PERSONS NOT PARTIES.

In a suit against dealers in an infringing article, the manufacturers thereof assumed the defense, but without becoming technical parties. The injunction granted ran against the dealers, by name, and their officers, etc., workmen, "and manufacturers." *Held*, that the injunction bound the latter only as agents and manufacturers of the defendants, and they were not in contempt for manufacturing for other dealers having no connection with defendants. In re Lennon, 17 Sup. Ct. 658, 166 U. S. 548, distinguished.

This was a suit in equity by the United States Playing-Card Company against A. G. Spalding & Bros. for infringement of a patent. The cause was heard on motion to punish for contempt for alleged violation of an injunction heretofore granted.

Arthur v. Briesen, for the motion.

Fred. L. Chappell and W. G. Howard, opposed.

WHEELER, District Judge. The defendants are dealers in duplicate whist trays (among other things) in New York, and sold trays made and furnished by Illing Bros. & Everard, of Kalamazoo, Mich., and by Cassius M. Paine, of Milwaukee, Wis., which have been adjudged in this cause to be infringements of a patent belonging to the plaintiff. These manufacturers assumed the defense of the suit. An injunction was issued, which ran to "you, the said A. G. Spalding & Bros., and your officers, trustees, directors, managers, servants, agents, attorneys, and workmen, and manufacturers." This is a motion for an attachment against all for contempt of the injunction. Spalding & Bros. appear to have fully respected the injunction. The manufacturers appear to have made what are alleged and claimed to be infringements, and to have sold them to dealers in other parts of the country, without relation to Spalding & Bros. in any way. The counsel for the plaintiff urges that these manufacturers, having assumed the defense of their customers, are bound by the adjudication, and liable for violation of the injunction anywhere, as if they were parties of record. This seems to be correct as to the conclusiveness of what has been decided, but that does not make them liable upon

the decree, as the parties of record would be. Execution would not run against them for profits, damages, or costs decreed. The injunction is a judicial writ, issued upon the decretal order. Notice of the order would bind those to whom the writ would run, and who would be included with them, before the writ itself should be issued; but it would not affect any one any further than the writ would. As this writ runs to the agents and manufacturers of Spalding Bros., these manufacturers are said to be everywhere, and always while it remains in force, within its terms. But they are included in the writ, not as agents and manufacturers of everybody with whom they might do business, but as agents and manufacturers of Spalding Bros.; and, as what they have now done in this behalf has no connection with or relation to Spalding Bros., they do not appear to have done any of it, within the prohibition of the writ. If they had done it in aid in any way of a violation by Spalding Bros., upon the supposition of which this proceeding may have been commenced, the question would be very different. Cases are cited in which language is used that by itself might indicate that any one, anywhere, having knowledge of an injunction, might not do what would violate it if done by those included within it; but, as understood, none of them go outside the scope of the injunction itself. That of In re Lennon, 166 U. S. 548, 17 Sup. Ct. 658 (at page 554, 166 U. S., and page 660, 17 Sup. Ct.), is as broad as any; but it must be read, as it was used, with reference to the case, which was against a locomotive engineer, the servant of a corporation enjoined about hauling cars, who was not named in the suit or the injunction, nor served upon, but had notice. The case does not show that he would have been held if he had done the same thing, after the notice, upon another road. The proceeding itself is in nature criminal, and the foundation of it should not be extended by any doubtful construction. An amendment of the order and injunction is suggested; but that, if allowable, could not affect this question now. Motion denied.