### JANNEY v. PANCOAST INTERNATIONAL VENTILATOR CO. et al.

(Circuit Court, E. D. Pennsylvania. September 17, 1903.)

#### No. 28.

**1. PATENTS—PERSONS BOUND BY—DECREE FOR INFRINGEMENT—VIOLATION OF INJUNCTION.**

Pending a suit for infringement of a patent against a corporation, its president resigned his office, but continued the business and the manufacture of the article in controversy after it had been adjudged an infringement, and an injunction had been issued and served upon him as president of the company, merely operating in a different name, and slightly changing the name of the article. *Held*, that the adjudication was conclusive against him, as well as the corporation, and that he was guilty of contempt for violation of the injunction.

On Motion to Punish for Contempt.

Albert B. Weimer, for complainant.
Wm. S. Furst, for Joseph C. Henvis.

Before DALLAS, Circuit Judge, and J. B. McPHERSON, District Judge.

PER CURIAM. This suit was brought to restrain the defendants from infringing two patents of the United States, Nos. 476,682 and 605,508. The defendants did not deny the making and selling of the patented ventilator, but made defense upon a claim of title. On final hearing it was decided that the plaintiff was entitled to the usual decree for an injunction and an account, and accordingly such decree was entered. It appears from the marshal's return that on April 3, 1903, the injunction which was issued in pursuance of that decree was served "on Pancoast International Ventilator Company by giving a true and attested copy thereof, together with a copy of the decree, to Joseph C. Henvis, president of said company." Said Henvis was president of the company when the bill of complaint was filed on November 20, 1901, and he continued to be so, as well as its general manager, until, as he now avers, he resigned those offices on August 4, 1902. But he still pursued the business which he had theretofore conducted for the Pancoast International Ventilator Company, though at some time during the pendency of the suit he ceased the use of that name, and substituted the words "Pan-Coast Ventilator Co.," in connection with the words "J. C. Henvis & Co." Under this latter designation, he has, with notice of the decree and injunction above mentioned, since sold ventilators substantially identical with those which in this case were adjudged to be infringements; and in attempted justification he has taken two positions, neither of which is tenable. The change of name to which he resorted was manifestly designed to evade the operation of the decree which he apprehended would be, and which in fact was, made in this case. But he could not, by formally resigning the office of president of the International Company, and adopting a different but similar name under which to carry on the same business, acquire a right to do that which, if avowedly done as president of the defendant company, would unquestionably have been violative of the mandate of this court. It appears from the proofs that the "Pan-Coast Ventilators" which he is now selling are, as we have said, identical with the "Pancoast Ventilators" which were manufactured for the defendants. These have been adjudged to be infringements, and that adjudication is, for the present purpose, a final and conclusive one. Therefore the vague and unsatisfactory evidence which has been now submitted for the purpose of showing noninfringement is inadmissible, and need not be discussed.

An order will be made adjudging Joseph C. Henvis to be in contempt, in having disobeyed the decree of this court of April 3, 1903, and requiring him to pay a fine of $20 and the costs of this proceeding within five days from the date of the order.