## CAMPBELL v. MAGNET LIGHT CO.

(Circuit Court, S. D. New York. November 30, 1909.)

1. PATENTS (§ 326*)—INFRINGEMENT—INJUNCTION—VIOLATION.

Where an injunction was granted against the M. Light Co., restraining it, its officers, agents, and workmen, from selling certain gas lamps constructed in accordance with complainant's patent, after which the M. Co. ceased business, and defendants, officers of the M. Co., engaged in a similar business under another name, and were thereafter actively engaged in selling gas lamps which infringed the patent, they were guilty of violating the injunction, without reference to whether they owned the new business, or were employés of another, who was not a party to the action,

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 617; Dec. Dig. § 326.*]

2. PATENTS (§ 328*)—INFRINGEMENT—GAS LAMPS.

Patent No. 907,626, for a gas lamp, issued to Joseph Miller December 22, 1908, held to infringe complainant's patent, No. 872,895.

3. PATENTS (§ 326*)—INFRINGEMENT—INJUNCTION—PUNISHMENT—ISSUES.

Where an injunction had been granted restraining defendants from infringing a certain patent, from which no appeal had been taken, the validity of the patent for want of invention and for anticipation is not open to review on a motion to punish defendants for contempt in violating the injunction.

[Ed. Note.—For other cases, see Patents, Dec. Dig. § 326.*]

In Equity. Action by Charles A. Campbell against the Magnet Light Company for infringement of patent. On motion to punish Joseph Greenberg and others for a violation of an injunction restraining defendant Magnet Light Company, its officers, agents, attorneys, and workmen, from making or selling gas lamps constructed in accordance with complainant's patent. Motion granted.

See, also, Campbell v. New Idea Arc Light Co. (C. C.) 175 Fed. 115.

Emory D. Dyckman (Isaac B. Owens, of counsel), for complainant. Samuel Kahan, for defendant.

HOLT, District Judge. This is a motion to punish Nathan Greenberg, Joseph Miller, and Joseph Boderman for contempt. In a suit brought by the complainant against the Magnet Light Company, a dealer in gas lamps, an injunction was issued restraining the Magnet Light Company, and its officers, agents, attorneys, and workmen, from making or selling gas lamps constructed in accordance with the patent No. 872,895, issued to Charles A. Campbell, the complainant. Greenberg, Miller, and Boderman were directors and officers of the

Magnet Light Company, and had full knowledge of the injunction. After the suit against the Magnet Light Company was brought, that company ceased to do business, and Greenberg, Miller, and Boderman engaged in a similar business under the style of the Reliable Arc Light Company. A claim is made upon this motion that Joseph Horowitz is the proprietor of the business carried on under the style of the Reliable Arc Light Company; that Miller manages the business for Horowitz, under a general power of attorney from Horowitz; and that Greenberg and Boderman are mere employés working for Horowitz. The evidence satisfies me that Miller, Greenberg, and Boderman are the owners of the business carried on as the Reliable Arc Light Company; that the claim that Horowitz owns it is untrue; and that the power of attorney executed by Horowitz to Miller is a mere form, devised to aid Miller, Greenberg, and Boderman in carrying on the same business which had been carried on by the Magnet Light Company, and in selling the same kind of gas lights, made in violation of the complainant's patent, which they were enjoined from selling by the injunction. But it is of no consequence who owns the business done under the name of the Reliable Arc Light Company. Miller, Greenberg, and Boderman are actively engaged at its place of business selling gas lamps, and if the lamps they sell infringe the complainant's patent, it is of no consequence whether they own the business or are employés in it. They are violators of the injunction if the lamps which they take any part in selling infringe the complainant's patent.

The lamp sold by the Reliable Arc Light Company is made pursuant to the description of a patent for a gas lamp, No. 907,626, issued to Joseph Miller December 22, 1908, about a year after the patent issued to Campbell. I have carefully examined the two patents. The lamps described in these two patents seem to me substantially identical. A number of affidavits of dealers in lamps are submitted, which state in general terms that the lamps sold by the Reliable Company are entirely different from the Campbell lamps; but they do not state in what respect they differ. Such affidavits amount to nothing. The only person who makes an affidavit in which it is claimed that there are specified differences in the lamps is Mr. Hamilton, the defendants' expert. He asserts that there are such differences, in that, in the Campbell patent, the lower end of the intensifier rests upon and engages with a shoulder formed in the upper end of the chimney, while in the Miller patent the chimney is not engaged with the intensifier, but is placed inside it, and that, in the Campbell patent, the slot in the intensifier through which the pilot light passes is vertical, while in the Miller patent it is horizontal. In my opinion, these differences are trivial and immaterial. No claim is made in either patent for any invention in the particular manner in which the intensifier is placed over the chimney, or in the direction of the slit through which the pilot light passes. I think the variations in these respects between the Miller and the Campbell patents were not regarded as improvements or inventions by either Campbell or Miller, and that the reasonable inference is that, if Miller had any object in making these changes

from the Campbell lamp, it was to make a lamp which would give some color to a claim that it did not infringe the Campbell patent.

The papers in reply contain elaborate affidavits and copies of prior patents in support of the claim that the Campbell patent is invalid for want of invention and for anticipation. But that question is not open upon this motion. An injunction was granted, which enjoined Miller, Greenberg, and Boderman, as officers of the Magnet Light Company. No appeal has been taken from that order. It stands in full force. The only question on this motion, therefore, is whether they have violated that injunction.

My conclusion is that this motion should be granted, and that Miller, Greenberg, and Boderman have been guilty of contempt. Each of them is fined $1,000, to be paid within five days, one-half to be paid to the United States, and one-half to the complainant, to reimburse him for the expenses of this suit. If not paid within five days, each party in default will stand committed to Ludlow Street Jail until the fine is paid, not exceeding, however, in any event, six months.

The order should be settled on notice.