### DONALDSON v. ROKSAMENT STONE CO.

(Circuit Court, E. D. New York. March 8, 1910.)

PATENTS (§ 326*)—SUITS FOR INFRINGEMENT—INJUNCTION—SCOPE—PERSONS NOT PARTIES.

An employé of the defendant in a suit for infringement of a patent, who is not a party to the suit, but was served with the injunction granted as such employé, does not thereby become a party in such sense that, after he has ceased his connection with the defendant, he can be punished for contempt for violating the injunction because of alleged infringement by him, acting for himself, which he denies; complainant's remedy in such case being by an independent suit against him, in which the issue can be tried on pleading and proofs in the usual way.

[Ed. Note.—For other cases, see Patents, Dec. Dig. § 326.*]

In Equity. Suit by John Donaldson against the Roksament Stone Company. On motion to punish Richard Herbst for contempt. Motion denied.

O. Ellery Edwards, Jr., for complainant.
Goepel & Goepel (C. P. Goepel, of counsel), for respondent.

CHATFIELD, District Judge. The present motion presents an unusual situation. The complainant has prevailed in an action against the defendant for infringement of patent. He has also obtained a decree (see 176 Fed. 368) adjudging the former president of the defendant corporation in contempt for continuing acts which this court had held were (under the terms of its decision) a willful further infringement. The complainant has now asked for an order holding one Richard Herbst in contempt, under the following circumstances:

During the year 1907, Herbst was a salesman of the defendant company. He apparently ceased his connection with that company prior to the trial of the present action, but was evidently cognizant of its progress. He was served with the injunction forbidding the defendant corporation, its agents and servants, from committing acts of infringement, and is admittedly aware of that decree. He is shown by the present affidavits to be manufacturing artificial stone under a process which he claims does not infringe, and for which he claims to use a mold under patent No. 933,982, taken out by himself upon the 14th day of September, 1909.

The complainant presents several affidavits from which it would appear that the process used by Herbst is similar to that secured to the complainant by the decision in this action, and certain portions of these affidavits contradict the allegation that he is using the processes described in his own patent. His present operations are within this district, and he is amenable to process in any action that may be started.

The Stevens patent in question describes means for producing certain results, and involves the method and principles by which those means are utilized in obtaining these results. The patent taken out by Herbst does not seem to have regard for the methods employed, but rather patents the use of a certain form of material, which could be used as a substitute for the composition described by Stevens in machines for applying his method. But Herbst is not operating as an employé or agent of the defendant, nor can it be held that he was a principal in the defendant's former operations, and that, having infringed in that transaction, he is now conducting the same sort of infringing acts under another guise. His acts raise a plain issue. If he insists upon his right to do either what the complainant's affidavits charge he is doing, or what he insists is under his own patent, such an issue must be determined upon testimony; and it would seem that it would be better practice, and give Herbst greater protection, to refuse to pass upon the matter upon motion. If an independent suit should be instituted, the difference in expense would not be great, and the complainant could certainly have as broad a scope for relief, while the defendant might be more fully protected than in opposing an application to punish him for contempt. The decision in the prior action against the defendant company can hardly be deemed res adjudicata against an employé who had no part in the litigation, is no longer an agent or servant of the defendant, and who is assuming the responsibility of an independent manufacture of an article claimed by the complainant to infringe his patent.

The motion to punish for contempt will be denied, without prejudice to the bringing of an action for relief similar to that asked for herein.