BERNARD v. FRANK et al.

(Circuit Court of Appeals, Second Circuit.  May 2, 1910.)

No. 239.

PATENTS (§ 326*)—INJUNCTION AGAINST INFRINGEMENT—VIOLATION.

A corporation organized by a defendant, who has been enjoined from infringement of a patent, for the sole purpose of escaping the consequences of the injunction, and of which such defendant is an officer, is bound by the injunction, and may be punished for contempt for its violation, although not formally made a party to the suit.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 613–619; Dec. Dig. § 326.*]

Appeal from and in Error to the Circuit Court of the United States for the Southern District of New York.

Suit in equity by Leo Frank and Israel De Keyser against William Bernard, heard on appeal and writ of error by William Bernard, Incorporated, to review an order of the Circuit Court, entered September 22, 1909, holding William Bernard, Incorporated, guilty of contempt of court for making and selling articles in violation of an injunction issued July 25, 1904, and fining the said corporation $500, half to the United States and half to the complainants.  A petition of appeal filed by the corporation was also allowed.  Affirmed.

The original order to show cause, the affidavit upon which it was granted, the affidavits in opposition thereto, the opinion of the Circuit Court, the order under review, the petition for a writ of error, the assignment of errors and the petition on appeal are all entitled in an action against William Bernard as an individual.  William Bernard, Incorporated, appears for the first time as a party to the action in the assignment of errors presented with the petition on appeal.  How the corporation became a party to the action, if it ever did, does not appear. The injunction was served on William Bernard July 27, 1904.  It has not been served upon the corporation, except as it was served upon Bernard individually, and, apparently, no injunction addressed to the corporation was ever issued.

Previous decisions growing out of this controversy are reported in (C. C.) 131 Fed. 269; 135 Fed. 1021, 68 C. C. A. 566; (C. C.) 146 Fed. 137; (C. C.) 171 Fed. 117.

Bernard Cowen, for plaintiff in error.

O. Ellery Edwards, Jr., for defendants in error.

Before COXE, WARD, and NOYES, Circuit Judges.

COXE, Circuit Judge (after stating the facts as above).  It is not necessary to add to the extended discussion which every branch of

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

this controversy has received. The validity of the patent and its infringement are no longer debatable questions between the complainants and Bernard. The only question is whether the consequences of infringement can be avoided by the formation of the corporation "William Bernard, Incorporated."

It is true that the corporation is not expressly named as defendant, but it could not have had more direct and explicit notice of the injunction if it had been so named. It was cited by an order of the Circuit Court to appear and show cause why it should not be punished for contempt in violating the injunction and was given full opportunity to purge itself. In organizing the corporation Bernard was the moving spirit. That it was organized for the purpose of escaping the consequences of the infringement of the patent which Bernard had sold and assigned to the complainants, is too plain for controversy. That Bernard, as its treasurer, fully represented the corporation cannot be doubted and if the formality of a separate action had been deemed necessary, service on Bernard, the individual, would have been binding on Bernard, the corporation. A person who, with full knowledge of its provisions, has violated an injunction may be punished for contempt, although not a party to the suit. In re Lennon, 166 U. S. 548, 17 Sup. Ct. 658, 41 L. Ed. 1110; In re Debs, 158 U. S. 564, 15 Sup. Ct. 900, 39 L. Ed. 1092; Bessette v. Conkey, 194 U. S. 324, 24 Sup. Ct. 665, 48 L. Ed. 997.

The order is affirmed, with costs.