OMELIAH v. AMERICAN CAP FRONT MFG. CO.

(District Court, S. D. New York. April 8, 1912.)

PATENTS (§ 326*)—SUIT FOR INFRINGEMENT—VIOLATION OF INJUNCTION.

Evidence considered, and *held* insufficient to show defendant and another guilty of contempt in violating an injunction against infringement of a patent.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 613–619; Dec. Dig. § 326.*]

In Equity. Suit by Clarence Omeliah against the American Cap Front Manufacturing Company. On motion to punish defendant and F. B. Frankenberg for contempt. Motion denied.

G. L. McGill, for complainant.
E. R. Terry, for defendant.

LACOMBE, Circuit Judge. As to the defendant: There is no proof that since service of the injunction it has manufactured any infringing spools. It sells heads for spools, as it always has, to whomever will buy; but infringement of the patent consists only in the details of the rod which connects these heads and the method of assembling. When the injunction was agreed to, it was arranged that complainant should buy the machinery by which theretofore defendant made up the infringing spools. Some of this was sold. Complainant says all of it was not offered to him. Defendant says that all was offered, and he selected what he cared to take. This controversy is unimportant, because it is uncontradicted that defendant disposed of all not taken to Frankenberg, and since then has used none of it to make infringing spools Neither the order nor the injunction referred to this machinery. Its disposition was a matter inter partes, and there would be no disobedience of the court's order in a failure to carry out the terms of their mutual agreement as to the disposition of the machinery.

As to Frankenberg: There was no injunction against him. He was not a party to the suit. The injunction was directed solely to the defendant, its officers, directors, agents, employés, etc. Frankenberg knew of the injunction; but that very knowledge advised him that the court's order did not affect him in regard to anything he might do individually, not as an officer, director, agent, employé, etc., of defendant. Upon the proof I am persuaded that since the service of the injunction he has made infringing spools; but there is not sufficient to show that what he did he did for the defendant. When the corporation was organized, he was a director and stockholder; but there is nothing to show that he has been such since injunction was served. During the time since then he received periodical payments from the company. This, standing by itself, might indicate that he was an employé or agent of some sort; but he testifies that these moneys are paid as part of an arrangement made when his father and himself sold out their business to the company and agreed that in consideration of these stated payments they would not themselves thereafter conduct the same business. The explanation seems to be a natural one, and on the record as it stands it cannot be held that Frankenberg, as officer, director, agent, or employé, has violated the injunction.

The motion is denied.