E. W. BLISS CO. v. ATLANTIC HANDLE CO.

In re VAUGHAN.

(District Court, D. Massachusetts. March 19, 1913.)

No. 348.

PATENTS (§ 326*)—INFRINGEMENT—INJUNCTION—CONTEMPT.

Where, when suit was instituted against a corporation for infringement of complainant's patent, V. was defendant's general manager, but not an officer of the company, nor party to the suit, and prior to leaving the defendant's employ he knew none of the details of the suit and had no control over it, and it did not appear that his subsequent use of the alleged infringing machines was either by authority derived from the defendant company as its general servant or confederate, or a part of a fraudulent or collusive attempt by the defendant to evade the injunction, V. was not subject to attachment for contempt in using the infringing machine in violation of the injunction.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 613–619; Dec. Dig. § 326.*]

In Equity. Suit by the E. W. Bliss Company against the Atlantic Handle Company. Petition for attachment for contempt against George E. Vaughan. Dismissed.

Browne & Woodworth, of Boston, Mass., for plaintiff.

A. Chesley York, of Boston, Mass., for defendant.

MORTON, District Judge. This is a petition for attachment for contempt against George E. Vaughan. On December 6, 1912, a final decree for the complainant was entered in the principal case, and on December 7th a permanent injunction issued forbidding the "Atlantic Handle Company, its servants and agents," from making, using, or selling the device described in the patent in suit. The petition alleges that Vaughan is in contempt for violating this injunction.

The material facts are as follows: Vaughan was not a party to the suit, which was against the Atlantic Handle Company, a Massachusetts corporation, as sole defendant. So far as appears, he was never a corporate officer of that company; he was employed by it as general manager. On July 24, 1912, it closed its doors and ceased to do business. Vaughan thereupon left its employ and went away from Massachusetts. He came back here early in the fall of 1912. The machines formerly used by the Atlantic Handle Company, upon which the infringement suit had been based, had passed into the control of the Morrisville Machine Company. Vaughan arranged with the Morrisville Machine Company for the use of these machines and started in business on his own account. No evidence whatever was offered tend-

ing to show that any other person who had been connected with the Atlantic Handle Company was in any way interested in Vaughan's business, which appears to have been an independent new venture. Vaughan knew at this time, in a general way, that a suit had been brought against the Atlantic Handle Company for infringement of this patent; but he did not know about the details of the suit, and had had no control over it. The injunction was served upon Vaughan "as general manager of the Atlantic Handle Company" on December 7, 1912. At that time he was not "general manager" of the company, and had had no connection with it for nearly six months.

Vaughan, under advice of counsel, continued to use the machines after service of the injunction upon him, believing, in good faith, that he was not bound by it. He contends that upon a proper defense the complainant's patent would be shown to be invalid, that he desires to make such defense, and that he is entitled to do so. The complainant contends that Vaughan is bound by the result of the suit against the Atlantic Handle Company.

It has not been shown that Vaughan's use of the machines either was by authority derived from the defendant company as its agent, servant, or confederate, or was part of a fraudulent and collusive attempt by the losing parties in the infringement suit to evade the injunction and to escape the result of that litigation. He is not, therefore, in contempt for disregarding the injunction. In the Lennon Case, 166 U. S. 548, 17 Sup. Ct. 658, 41 L. Ed. 1110, the defendant in the contempt proceedings, in doing the acts complained of, was acting as an agent of the enjoined defendant. In Bernard v. Frank, 179 Fed. 516, 101 C. C. A. 459, the new corporation, of which the defendant in the contempt proceedings was the moving spirit, "was organized for the purpose of escaping the consequences of the infringement of the patent." In Campbell v. Magnet Light Co. (C. C.) 175 Fed. 117, the defendants in the contempt proceedings had been officers and directors of the defendant company against which the injunction had been issued. Afterwards they formed a new company to carry on the same business in violation of the complainant's patent. It is plain that the new corporation was, in the language of Judge Coxe, "organized for the purpose of escaping the consequences of the infringement of the patent." This is all that was necessary for the decision of the case and it is with reference to those facts that the somewhat broad statements in the opinion were used. Almost the precise question here raised was considered in Omeliah v. American Cap Front Mfg. Co. (D. C.) 195 Fed. 539, and it was decided that the defendant was not in contempt. See, also, Donaldson v. Roksament Co. (C. C.) 178 Fed. 103.

The petition for attachment is dismissed, with costs.