### HARVEY v. BETTIS et al.

Circuit Court of Appeals, Ninth Circuit.
October 28, 1929.

No. 5883.

J. Calvin Brown, of Los Angeles, Cal., for appellant.

Raymond Ives Blakeslee, of Los Angeles, Cal., for appellees.

Before RUDKIN, DIETRICH, and WILBUR, Circuit Judges.

DIETRICH, Circuit Judge. In a patent infringement case entitled William I. Bettis and Others v. Eno Rubber Corporation and Others, the court below issued a preliminary injunction on July 3, 1928, restraining the defendants and their "officers, directors, at-

torneys, agents, salesmen, servants, workmen, employees, assistants, associates, and representatives" from manufacturing, using, or selling the patented device referred to in the complaint. Thereafter, on January 9, 1929, after a hearing upon citation, the court entered an order fining the appellant, E. J. Harvey, for contempt for the violation of the injunction. From such order Harvey prosecutes this appeal.

It appears that at the time the injunction was issued he was, and for some time prior thereto he had been, connected with the defendant Hall H. Holdaway, doing business under the name of Rotary Specialties Company, in promoting the sale by this concern of the alleged infringing device in suit. In an affidavit filed in connection with the injunction proceeding, he stated that he was "the sales manager for the Rotary Specialties Company," and, while it may be doubted whether he was sales manager in a strict sense, for the purposes of the decision we assume that he was acting in that capacity. Admittedly he was not a party to the action, was not an officer of or stockholder in either of the defendant companies, and had no financial interest other than the interest implied by such agency. A short time after the injunction issued, he severed his relations entirely with the defendants, and for approximately six months prior to the citation, and at all times involved in the transactions for which he was punished, he had no connection with them, direct or indirect, and was not acting for or with them, but in manufacturing and selling the device which constitutes the basis of the contempt proceeding he was proceeding independently and on his own account. The device for the sale of which he was punished is not in form identical with the device in suit, but for the purpose of decision we assume legal identity.

Upon the undisputed facts as thus stated we are of the opinion that the order must be reversed. Appellant was not a party to the suit, and the injunction ran against him only so long as he was connected with one of the defendants or was acting in aid to or in collusion with one or more of them or for their benefit. This view we think is supported both by reason and the majority of the decided cases. See Rapalje on Contempt, par. 52; Donaldson v. Roksament Stone Co. (C. C.) 178 F. 103; E. W. Bliss Co. v. Atlantic Handle Co. (D. C.) 212 F. 190; Omelian v. American Cap Front Mfg. Co. (D. C.) 195 F. 539; Mexican Ore Co. v. Mexican G. M. Co. (C. C.) 47 F. 351. The appellees cite Donaldson v. Roksament Stone Co. (C. C.)

176 F. 368, but if standing alone it may be construed as supporting their position, it is to be noted that this decision was by the same judge who later decided the case of the same title above referred to, which unequivocally supports appellant's contention. The other cases cited by appellees, with the possible exception of Campbell v. Magnet Light Co. (C. C.) 175 F. 117, are easily distinguishable.

The order appealed from is reversed, with instructions to dismiss the contempt proceeding.