## ALEMITE MFG. CORPORATION v. STAFF.
### No. 234.

Circuit Court of Appeals, Second Circuit.

July 7, 1930.

Falk & Orleans, of New York City (Ilo Orleans, of New York City, of counsel), for appellant.

Lynn A. Williams, of Chicago, Ill., for appellee.

Before MANTON, L. HAND, and CHASE, Circuit Judges.

L. HAND, Circuit Judge.

The plaintiff sued Joseph Staff, the respondent, together with Louis A., John, and Samuel G. Staff, as partners, for infringement of its patent. It failed to serve Louis and Samuel; upon the trial John swore that the business was his alone, and the suit was therefore dismissed as to Joseph. A decree was entered against John, "his agents, employees, associates and confederates," enjoining them from infringing, or "aiding or abetting or in any way contributing to the infringement," and a writ followed in the same terms, which was served upon the counsel for both defendants. At the time of the suit Joseph was a salesman for John, but later, having left his employ, he set up in business for himself, and was proved to have infringed the patent. The plaintiff then began proceedings in the original suit to punish Joseph for contempt, asserting that he was bound by the decree, and that his new business was a violation of the writ. The District Judge found that John "had no connection or part whatever in the acts of contempt hereby adjudged against Joseph Staff," but that nevertheless Joseph was guilty, and fined him for contumacy. Thereupon he appealed.

We agree that a person who knowingly assists a defendant in violating an injunction subjects himself to civil as well as criminal proceedings for contempt. This is well settled law. Ex parte Lennon, 166 U. S. 548, 17 S. Ct. 658, 41 L. Ed. 1110; Conkey Co. v. Russell (C. C.) 111 F. 417; Wellesley v. Mornington, 11 Beav. 180, 181, Seaward v. Paterson, [1897] 1 Ch. 545. On the other hand no court can make a decree which will bind any one but a party; a court of equity is as much so limited as a court of law; it cannot lawfully enjoin the world at large, no matter how broadly it words its decree. If it assumes to do so, the decree is pro tanto brutum fulmen, and the persons enjoined are free to ignore it. It is not vested with sovereign powers to declare conduct unlawful; its jurisdiction is limited to those over whom it

gets personal service, and who therefore can have their day in court. Thus, the only occasion when a person not a party may be punished, is when he has helped to bring about, not merely what the decree has forbidden, because it may have gone too far, but what it has power to forbid, an act of a party. This means that the respondent must either abet the defendant, or must be legally identified with him. Strictly, therefore, the addition of such words as the plaintiff here relies on, adds nothing to the decree. Without them any one is liable who knowingly does what the court has properly enjoined; with them nobody is liable who does not. So far as In re Reese, 107 F. 942 (C. C. A. 8), may hold the contrary, we cannot agree.

Thus, if the defendant is not involved in the contempt, the employee cannot be; the decree has not been disobeyed, so far as it is valid. We may assume for argument that it is not necessary for the defendant expressly to authorize the act; that it is enough if the employee acts within the scope of his authority. But that does not affect the principle; rather it illustrates it, since the authority of an agent need never be express. We understand that the law as we have just stated it was one ground at any rate for the decision in Garrigan v. U. S., 163 F. 16, 23 L. R. A. (N. S.) 1295 (C. C. A. 7); apparently the same was true in McCourtney v. U. S., 291 F. 497 (C. C. A. 8). It was expressly the ratio decidendi in Harvey v. Bettis, 35 F.(2d) 349 (C. C. A. 9). It has been held a number of times in the District Courts. Mexican Ore Co. v. Mexican Mining Co. (C. C.) 47 F. 351; Dadirrian v. Gullian (C. C.) 79 F. 784; U. S. Playing-Card Co. v. Spalding (C. C.) 92 F. 368; Donaldson v. Roksament Co. (C. C.) 178 F. 103; Omelian v. American Cup Co. (D. C.) 195 F. 539; Bliss Co. v. Atlantic Co. (D. C.) 212 F. 190. Apparently the distinction was lost sight of in Lawson v. U. S., 297 F. 418 (C. C. A. 8), and it was plainly disregarded in three cases in the Circuit and District Courts. Janney v. Pancoast (C. C.) 124 F. 972; Campbell v. Magnet Light Co. (C. C.) 175 F. 117; Donaldson v. Roksament Co. (C. C.) 176 F. 368. Cases like Smith v. Yates, 244 F. 793 (C. C. A. 2), and Bernard v. Frank, 179 F. 516 (C. C. A. 2), are quite different; they reached defendants who were infringing in another guise together with those who aided them.

The Supreme Court in Ex parte Lennon, 166 U. S. 548, 17 S. Ct. 658, 41 L. Ed. 1110, held in contempt an employee who refused to move cars of the defendant railway after a mandatory injunction had directed it to accept those of another road whose employees were on strike. Lennon was still in the defendant's employ, and this was the ground of the decision, for though the defendant had directed him to move the cars, his refusal was apparently imputed to it, since he was presumably acting within his authority, though contrary to his orders. He had brought to pass what the court had power to forbid, the defendant's neglect to move the cars. It was conceded that if he had not been in the defendant's employ, he would have escaped. We think that if his act had been without the scope of his authority, the same must be true, for it is not the act described which the decree may forbid, but only that act when the defendant does it.

This is far from being a formal distinction; it goes deep into the powers of a court of equity. Upon proceedings to punish for contempt, the propriety of the decree is not open, even though it be founded upon an unconditional statute. Howat v. Kansas, 258 U. S. 181, 42 S. Ct. 277, 66 L. Ed. 550. The respondent may only deny any knowledge of the decree, or that his act was within it. The unlawfulness of his conduct has been determined, and, if he has not been a party and has had no day in court, he is condemned without hearing. It is by ignoring such procedural limitations that the injunction of a court of equity may by slow steps be made to realize the worst fears of those who are jealous of its prerogative. The District Court had no more power in the case at bar to punish the respondent than a third party who had never heard of the suit.

Order reversed; cause remanded with instructions to dismiss the petition.