## HOOVER CO. v. EXCHANGE VACUUM CLEANER CO., Inc.

District Court, S. D. New York.

Oct. 28, 1932.

Jeffery, Kimball, & Eggleston, of New York City (Oscar W. Jeffery, of New York City, of counsel), for plaintiff.

Kirschstein & Kirschstein, of New York City, for defendant.

PATTERSON, District Judge.

The motion is to punish the defendant, Exchange Vacuum Cleaner Company, Inc., and one Dick for contempt, in that they have violated an injunction. It appears that in 1929 the plaintiff brought suit against the Exchange Company for violation of its trade-mark "Hoover" on vacuum cleaners. A final decree in the plaintiff's favor was granted on March 16, 1931, and a writ of injunction followed, enjoining the Exchange Company, its officers and agents, from selling vacuum cleaners or parts thereof bearing the plaintiff's trade-mark. Dick was then president of the Exchange Company, and service of the writ was made upon him. He was not, however, a party to the suit.

The papers before the court on this motion establish that a sale of a spurious part bearing the plaintiff's trade-mark was made on September 27, 1932. The sale was made in the store formerly occupied by the Exchange Company, but that company had prior to this time sold out and was in course of dissolution. The business was then conducted by another corporation, the National Vacuum Cleaner Supply Company, Inc. Dick denies that he is connected with the National Company, but the denial is not impressive. The fact that his brother-in-law was the one who made the spurious parts, together with his presence in the store and his transacting of business there at various times shortly after the sale was made, is enough to indicate that he played an active part in the sale. It may be that the closing up of the old company and the formation of the new one was merely a scheme to step around

the injunctive decree. In any event, there is no doubt in my mind that Dick, formerly an officer of the Exchange Company, is now connected with the new company in some capacity and is aiding and abetting the latter company in the sale of vacuum cleaner parts bearing the false trade-mark, and I will deal with the case upon this basis.

There was no violation of the injunction by the Exchange Company. The sale was not made by it. As for Dick, he aided in the sale, but he was not bound personally by the injunction. He was bound by it only so long as he was connected with the old company which had been enjoined or was in some fashion aiding or acting in collusion with the old company. The law is settled that, where a corporation, along with "its officers and agents," has been enjoined from doing a certain act, an officer or agent who has severed altogether his connection with the corporation does not violate the injunction by doing the act himself or by assisting an outsider to do it. This is for the reason that there is no restraint upon the officer or agent personally, but only as the representative of the enjoined defendant. Harvey v. Bettis (C. C. A.) 35 F.(2d) 349; Alemite Mfg. Corp. v. Staff (C. C. A.) 42 F.(2d) 832; Dadirrian v. Gullian (C. C.) 79 F. 784; Donaldson v. Roksament Stone Co. (C. C.) 178 F. 103; Bliss Co. v. Atlantic Handle Co. (D. C.) 212 F. 190. Cases to the contrary, such as Campbell v. Magnet Light Co. (C. C.) 175 F. 117, and Donaldson v. Roksament Stone Co. (C. C.) 176 F. 368, have been disapproved. The situation is quite different where the sequence of events has been reversed—where an individual has been enjoined and thereafter becomes connected with a corporation that with his assistance commits acts in violation of the injunction. In such cases the individual is personally bound by the injunction, has flaunted it by his own acts, and may be attached for contempt. Smith Metal Window Hardware Co. v. Yates (C. C. A.) 244 F. 793. But here there was no injunction against Dick except in association with the party defendant, the Exchange Company.

There is nothing to prevent the plaintiff, on the proof which it already has, from suing both the new company and Dick individually to enjoin them from further piracy of the trade-mark. In a case as flagrant as this one seems to be, it is abundantly clear that an injunction would run against Dick as well as against the new company. Dangler v. Imperial Machine Co. (C. C. A.) 11 F.(2d) 945; Claude Neon Lights, Inc., v. American Neon Light Corporation (C. C. A.) 39 F.(2d) 548.

The application to punish the Exchange Company and Dick for contempt will accordingly be denied.