## ALUMINUM COLORS INCORPORATED v. THE EMPIRE PLATING CO.

### No. 4607.

District Court, N. D. Ohio, E. D.
Dec. 28, 1933.

Brockett, Hyde, Higley & Meyer, of Cleveland, Ohio (John W. Meyer, of Cleveland, Ohio, and C. B. Townsend, of New York City, of counsel), for plaintiff.

Evans & McCoy, of Cleveland, Ohio, for respondents.

WEST, District Judge.

This matter has been submitted on an order requiring respondents Clark, Hammer, and Foley, to show cause why they should not be punished for contempt for violating an injunction which followed a decree pro confesso in plaintiff's favor, in a patent suit. The motion of respondents to quash the order was not insisted upon and is denied.

The injunction was directed to the defendant the Empire Plating Company, its officers, agents, attorneys, privies, servants, employees, and all others acting by or under its direction or authority, its successors and assigns. After it was served upon the defendant, the respondents were immediately notified of the issuance and purport of the writ. None of the respondents were officially connected with the defendant corporation, but all were in its employ, and the respondent Clark was then, and still is, in the employ of the United States Research Corporation, a foreign corporation not before the court on this motion. No claim is made that the defendant of record has violated the injunction, and the evidence is clear that it has not. The Research Corporation, which is defending a similar patent suit brought by the plaintiff in New York, assumed the defense of the instant case, to the knowledge of plaintiff and its counsel, and is therefore bound by the decree. A few weeks after the injunction issued and was served and after respondents were told about it, they left the defendant's employ and formed an Ohio corporation called All Metals Finishing Laboratories, Inc., which secured a location near that of the defendant, took over certain dyes and materials belonging to the Research Corporation which had been in the defendant's custody, opened a plant, and, among other business, began to color aluminum ware by use of the patented process involved in the suit and under verbal license from the Research Corporation, given either to the new company or to one of the incorporators.

Plaintiff contends that respondents' acts constituted a violation of the injunction. Respondents claim that they are not bound by the terms of that order and have not violated it, and incidentally show that before embarking upon the new enterprise they took advice of counsel to the effect that they were free to do so. It is certain that none of them can be held to have aided in any infringement practiced by the Empire Plating Company, for since before they organized their new corporation they have not been in the employ of the defendant, and since the injunction issued, defendant has not infringed.

So far as Hammer and Foley are concerned, there is nothing to show that they had any knowledge that the Research Corporation had taken over the defense of this case or was bound by the decree. Consequently, they cannot be held guilty of contempt because of their present relations with that concern. Diamond Drill & Mach. Co. v. Kelley Bros. & Spielman (C. C.) 132 F. 978, affirmed Hamilton v. Diamond Drill & Machine Co., 137 F. 417 (C. C. A. 3).

As to Clark, he undoubtedly knew the true situation and was legally aware that the research corporation had assumed the defense and would be liable if after the injunction it aided the defendant in an infringement, and that if he assisted in such a violation he would himself also be in contempt. But he was not liable for his own independent infringement conducted on his own responsibility and risk and not as agent or employee of the Research Corporation, even though contributed to by that concern.

If the defendant of record had retained any interest in the new company or had taken any part in its infringing acts, or if since the decree there has been merely a continuation of defendant's former acts and trespass, the situation would be quite different from what we find it.

I think the research corporation is bound by the decree, but the question of Clark's liability depends on the extent to which it is so bound. United States Playing-Card Co. v. Spalding (C. C.) 92 F. 368, holds that a manufacturer not a party on the record, which assumes the defense in a patent case, is concluded by the decision, but not so as to make it liable for profits or damages. Profits and damages resulting from any infringement save that of the record defendant are not generally within the issues made by the pleadings. Since that decision Congress has enacted the Clayton Act (38 Stat. 730), of which section 19 (28 USCA § 383) provides that injunctions issued by federal courts "shall be binding only upon the parties to the suit, their officers, agents, servants, employees, and attorneys, or those in active concert or participating with them, and who shall, by personal service or otherwise, have received actual notice of the same." Walker on Patents, § 735, expresses the view that this has not changed the rule as to who are bound by the injunction. The statute provides that "parties to the suit" are bound, not parties

to the record, and no doubt this includes those not formally defendants, who openly and to plaintiff's knowledge assume the defense; they having always been regarded as parties to the litigation sufficiently to be concluded to some extent. And the section makes those who, not parties to the suit, actively participate with such parties after having notice by personal service or otherwise, also liable. This language applies to Mr. Clark. Still it is fundamental that neither the Research Corporation, a party to the suit, nor the respondent Clark, participating with it in infringing acts after notice of the injunction, would be liable in respect to any matter not in issue on the pleadings in the patent suit. The acts of the Research Corporation or Clark which are now relied upon to prove them guilty of contempt are charged to have been committed after final decree, and were not before the court or passed on or adjudicated. Consequently, assuming they occurred, the decree and the injunction to enforce it do not extend to such acts. The decree concludes only the Research Corporation and consequently Clark upon the issues actually involved. For example, the validity of the patent and its infringement by the defendant. As Clark cannot be held for a violation over which the court had no jurisdiction and as he is not shown to have participated with the defendant in any breach of the injunction, it results that the order to show cause must be discharged, at the plaintiff's costs.

Of the many cases cited by counsel, only Alemite Mfg. Corp. v. Staff, 42 F.(2d) 832 (C. C. A. 2); Harvey v. Bettis et al., 35 F.(2d) 349 (C. C. A. 9); Hoover Co. v. Exchange Vacuum Cleaner Co. (D. C.) 1 F. Supp. 997, need be mentioned.

Exceptions will be noted for plaintiff.