**UNITED STATES v. DEAN RUBBER MFG. CO. et al.**

No. 638.

District Court, W. D. Missouri, W. D.
Oct. 7, 1946.

Sam M. Wear, U. S. Dist. Atty., and Harry F. Murphy, Asst. U. S. Dist. Atty., both of Kansas City, Mo., for plaintiff.

Paul R. Stinson, Dick H. Woods, and Stinson, Mag, Thomson, McEvers & Fizzell, all of Kansas City, Mo., for defendants.

RIDGE, District Judge.

The amended information filed herein alleges that on September 11, 1940, a permanent injunction was entered against the Dean Rubber Company, a corporation, by which said defendant, its officers and agents and all persons then or thereafter acting by, through or under it or them, were perpetually enjoined and restrained from distributing, in interstate commerce, "any of the stock of defective rubber prophylactics which it had on hand at Kansas City, Missouri, or at any other point, or any other quantity of defective rubber prophylactics it might subsequently acquire."

In Paragraph 2 of the information it is alleged that W. J. Dean was the President and Acting Manager of said Dean Rubber Company, a corporation; that on or about the 21st day of October, 1944, the assets and business of said corporation were transferred to certain individuals who, since that time, have been and are now operating as co-partners under the style and trade name of Dean Rubber Company; that at the time of such transfer "each of the within-named individual defendants had actual knowledge of the contents of said injunction order."

Rule 65(d), Federal Rules of Civil Procedure, 28 U.S.C.A following section 723c, provides that an order granting an injunction "is binding only upon the parties to the action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise." Under said rule mere knowledge, in and of itself, of the issuance of an injunction would not make a person, not a party to an injunction suit, liable to contempt proceedings for committing an independent act not done in "active concert

98

or participation with" a party bound by the injunction. Alemite Mfg. Corp. v. Staff, 2 Cir., 42 F.2d 832; Harvey v. Bettis, 9 Cir., 35 F.2d 349. The amended information does not allege how or in what manner the alleged individual contemnors, named therein, acted in concert or participation with the corporate defendant in violating the injunctive decree. All that is alleged in the 3rd and subsequent paragraphs of the information is that "said defendants did wilfully, unlawfully, contumaciously and contemptuously ship and cause to be shipped in interstate commerce" certain defective rubber prophylactics. There was only one defendant in the original action, namely, the Dean Rubber *Manufacturing* Company, a corporation. If the individuals named in the amended information are guilty of violating the injunction decree of this Court, then they are "contemnors" and not defendants, and the information must allege a "privity" between defendant and said individuals.

█ In its suggestions in opposition to the motion to dismiss the Government states "the corporation, for some reason, did transfer its assets but, at the same time retained its legal entity and continued in active operation of its business." If such be a fact, then the amended information should be amended and the facts set out concerning such matters. As the information now stands no such issue is presented. All that is alleged, in the instant information, is a succession to the assets of the business of the corporation by the individuals named as alleged contemnors therein. It is doubtful whether an assignment alone is sufficient to make the assignee bound by an injunction decree. The facts showing the privity between the original parties to the suit and the assignee, or stranger to the action should be alleged so that the information, upon its face, shows a mutual or successive relationship of such parties to the subject matter of the injunction decree.

█ It is noted that the injunction decree in part is in personam and in part in rem, i.e., the injunction decree enjoins the corporation from distributing, in interstate commerce, "any of the stock of defective rubber prophylactics which it now has on hand." That portion of said decree is in rem. The prohibition of the decree which enjoins distributing in interstate commerce, "any other quantity of defective rubber prophylactics which it may subsequently acquire," is in personam. It is only injunctions, acting in rem, that bind successive ownerships of the rem. Alemite Mfg. Corp. v. Staff, supra; Rivera v. Lawton, 1 Cir., 35 F.2d 823, 824; 28 Am.Jur., p. 505, etc. Only persons who are parties to an injunction decree, or in privity with those whose rights have been adjudicated thereby, are bound by a personam decree. Chase Nat'l. Bank v. Norwalk, 291 U.S. 431, 54 S.Ct. 475, 78 L.Ed. 894.

█ In view of the statement contained in plaintiff's suggestions that "the evidence on behalf of the plaintiff will disclose that the individual defendants were employees or officers of the corporation at the time judgment was entered against it" and it appears that plaintiff contends that the individual contemnors are "acting by, through or under" Dean Rubber Manufacturing Company, or that perhaps said individuals were the sole owners of the stock of said corporation at the time the injunction was granted, plaintiff will be given leave to amend its amended information so as to state the facts concerning the privity existing between said corporation and the individual contemnors. If plaintiff does not file an amended information within ten days, defendant's motion to dismiss will be sustained.

It is so ordered.