No. 23-1295
Savannah Midstream Investment Limited v. Citibank, N.A., Citigroup, Inc.

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of June, two thousand twenty-four.

PRESENT:
>  DENNIS JACOBS,
>  BARRINGTON D. PARKER,
>  MYRNA PÉREZ,
>      *Circuit Judges*.

_____

SAVANNAH MIDSTREAM INVESTMENT LIMITED,

*Petitioner-Appellee*,

v.                                                              No. 23-1295

CITIBANK, N.A., CITIGROUP, INC.,

*Respondents-Appellants*.

1

FOR RESPONDENTS-APPELLANTS:    SHARON L. SCHNEIER (Theodore R. Snyder, Gaurav K. Talwar, *on the briefs*), Davis Wright Tremaine LLP, New York, NY.

FOR PETITIONER-APPELLEE:    KEVIN S. REED (Dennis H. Hranitzky, Quinn Emanuel Urquhart & Sullivan, LLP, Salt Lake City, UT; Debra D. O'Gorman, Yehuda Goor, *on the brief*), Quinn Emanuel Urquhart & Sullivan, LLP, New York, NY.

Appeal from an order of the United States District Court for the Southern District of New York (Stanton, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **VACATED**.

Citibank, N.A. and Citigroup Inc. (collectively, "Citibank") appeal from an order of the United States District Court for the Southern District of New York granting Savannah Midstream Investment Limited's ("Savannah Midstream") request for an injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure and the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 9 U.S.C. §§ 201–208. Specifically, the injunction ordered Citibank to direct its subsidiary in Gabon—Citibank Gabon, S.A. ("Citi Gabon")—to comply with an order of the Libreville Commercial Court in Gabon and maintain a freeze on bank accounts of the Cameroon Oil Transportation Company S.A. ("COTCO") pending the outcome of an arbitration before the International Chamber of Commerce.

COTCO is a joint venture between the nations of Chad and Cameroon and multiple private companies that operates an oil pipeline to transport oil from production areas in Chad to a Cameroonian port for international export. Savannah Midstream, an investor in COTCO, sought an injunction to preserve COTCO assets held in Citi Gabon pending the outcome of ongoing

arbitration proceedings before the International Chamber of Commerce. Savannah Midstream alleges that this arbitration will determine the rightful ownership of the assets in COTCO's accounts held at Citi Gabon. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, and reference these facts only where necessary for context.

## STANDARD OF REVIEW

"[E]ntertaining an application for a preliminary injunction in aid of arbitration is consistent with the court's powers pursuant to [9 U.S.C.] § 206." *Borden, Inc. v. Meiji Milk Prods. Co.*, 919 F.2d 822, 826 (2d Cir. 1990). We review the district court's decision to grant an injunction "for abuse of discretion, reversing only if the injunction is based on an error in law or a clearly erroneous assessment of the evidence, or if it cannot be located within the range of permissible decisions." *Benihana, Inc. v. Benihana of Tokyo, LLC*, 784 F.3d 887, 895 (2d Cir. 2015).

## DISCUSSION

Citibank advances several arguments as to why the district court's injunction should be vacated. We need not reach most of these arguments, as we vacate the district court's order for a more fundamental reason: in ordering Citibank to "instruct" Citi Gabon to maintain a freeze on accounts which Citibank did not control, the district court's injunction exceeded its jurisdiction.

As the plaintiff in this matter, Savannah Midstream "bears the burden of establishing that the court has jurisdiction over the defendant." *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779, 784 (2d Cir. 1999). There is no serious dispute as to whether the district court had personal jurisdiction over Citibank itself: Citibank, N.A. has its principal place of business in New York, and Citigroup Inc. is headquartered in New York. *See In re Terrorist Attacks on September 11, 2001*, 714 F.3d 659, 674 (2d Cir. 2013) ("[A] court's general jurisdiction

3

. . . is based on the defendant's general business contacts with the forum . . . and permits a court to exercise its power in a case where the subject matter of the suit is unrelated to those contacts." (quoting *Metro. Life Ins. Co. v. Robertson–Ceco Corp.*, 84 F.3d 560, 568 (2d Cir. 1996)).

However, as discussed *supra*, the relevant COTCO accounts were held by Citi Gabon, not Citibank itself. Citi Gabon is indisputably not a party to this case. In ordering Citibank to "instruct" Citi Gabon to maintain the freeze on the COTCO accounts, the district court, thus, indirectly exercised power over a non-party and over bank accounts which no party controls. Because an injunction "can bind only persons who have placed themselves or been brought within the court's power" and "a court cannot 'make a decree which will bind any one but a party,'" *Doctor's Assocs., Inc. v. Reinert & Duree, P.C.*, 191 F.3d 297, 302 (2d Cir. 1999) (quoting *Alemite Mfg. Corp. v. Staff*, 42 F.2d 832, 832 (2d. Cir. 1930) (L. Hand, *J.*)), the district court needed some separate basis for asserting jurisdiction over Citi Gabon itself in order to effectuate this injunction. Savannah Midstream identifies no such valid basis.

Savannah Midstream points to Citi Gabon's status as a subsidiary of Citibank, alleging that Citibank asserts a level of "control" over its foreign subsidiaries sufficient to create jurisdiction. This contention is incorrect, as a matter of both law and fact. It is well-established in this Circuit that "the presence of a local corporation does not create jurisdiction over a related, but independently managed, foreign corporation." *Volkswagenwerk Aktiengesellschaft v. Beech Aircraft Corp.*, 751 F.2d 117, 120 (2d Cir. 1984). Further, "[i]t is fundamental that a parent is considered a legally separate entity from its subsidiary, and cannot be held liable for the subsidiary's actions based solely on its ownership of a controlling interest in the subsidiary." *N. Y. State Elec. & Gas Corp. v. FirstEnergy Corp.*, 766 F.3d 212, 224 (2d Cir. 2014); *see also Carte Blanche (Singapore) Pte., Ltd. v. Diners Club Int'l, Inc.*, 2 F.3d 24, 26 (2d Cir. 1993).

4

As an indicator of control, Savannah Midstream points to Citibank's ownership of Citi Gabon's stock. However, mere ownership of stock will not vitiate the well-established tenet that parents and subsidiaries are legally distinct. *See Volkswagenwerk Aktiengesellschaft*, 751 F.2d at 120. ("The officers of any corporation that owns the stock of another necessarily exercise a considerable degree of control over the subsidiary corporation and the discharge of that supervision alone is not enough to subject the parent to New York jurisdiction."). An exception may be made "when the activities of the parent show a disregard for the separate corporate existence of the subsidiary," *id*., but the record before the district court shows no such disregard for corporate form or function. Citi Gabon is incorporated in Gabon and has its own board of directors, maintains its own books and records, requires its customers with bank accounts in Gabon to enter into customer agreements based on Gabonese civil law, and is regulated by the Gabon Monetary Authority and the Regional Banking Commission of Central Africa. And perhaps most importantly, the record before the district court indicated that "Citibank . . . personnel in New York do not have the ability to direct bank personnel at Citi Gabon to restrain accounts" and "do[] not have access to accounts held at Citi Gabon." J. App'x at 527. Citibank may own Citi Gabon's stock, but according to the record before the district court, Citi Gabon is an independently managed, legally separate entity. Jurisdiction over Citibank, thus, did not grant the district court jurisdiction over Citi Gabon.

*     *     *

Because we conclude that the district court lacked jurisdiction, we need not address the parties' remaining arguments.  For the foregoing reasons, we **VACATE** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court