BERNADETTE, JOSEPH & Co., Appellant, *v.* ELBERT N. VAN BUREN, Respondent.

Third Department, May 6, 1925.

**Sales — action to recover price of watches — defense that watches were consigned to defendant for sale and were stolen — correspondence shows that watches were delivered to defendant on sale or return — under Personal Property Law, § 100, rule 3, no contrary intention being shown, title passed to defendant — defendant is liable for price of watches stolen.**

The title to watches shipped to the defendant by the plaintiff under an agreement contained in correspondence whereby the defendant agreed to put the watches on sale, to remit for watches sold, and to return unsold watches, there being no contrary intention shown by the correspondence, passed to the defendant on delivery, in view of rule 3 of section 100 of the Personal Property Law, which provides that when goods are delivered to the buyer " on sale or return," or on other terms indicating an intention to make a present sale, but to give the buyer an option to return the goods instead of paying the purchase price, the property passes to the buyer on delivery.

Accordingly, the defendant is liable to the plaintiff for watches shipped to him under the agreement stated and subsequently stolen from his store.

APPEAL by the plaintiff, Bernadette, Joseph & Co., from an order of the County Court of the county of Rensselaer, entered in the office of the clerk of said county on the 21st day of January, 1925, denying its motion made under rule 113 of the Rules of Civil Practice to strike out defendant's answer and for summary judgment.

*Frederick E. Draper,* for the appellant.

*Donohue & Spain* [*Edward J. Donohue* of counsel], for the respondent.

COCHRANE, P. J.:

This is an action to recover the purchase price of certain watches delivered by the plaintiff, doing business in Chicago, to the defendant, a merchant in the village of Schaghticoke, N. Y. The watches were stolen from the defendant without fault on his part. Plaintiff claims a sale of the watches to the defendant. The latter claims a consignment. The determination of this question will also

determine which party must bear the loss occasioned by the larceny.

The contract consists entirely of written communications between the parties. On November 18, 1922, defendant wrote plaintiff as follows:

" Please ship by express a small stock of watches, Elgin, Waltham, Hampden, South Bend &c. Bill them on memorandum at the net wholesale price. We will put them on sale and handle them with care. Will remit for watches sold. All not sold are to be returned when you notify us, or sooner if we desire."

November 23, 1922, plaintiff wrote defendant as follows:

" Your assortment of watches goes forward to-day by express via East Schaghticoke.

" The stock is billed on memorandum until after Christmas. Between January 1 and January 5, 1923, we will expect you to send us a remittance for all of the watches sold. This does not mean that you must return the unsold watches; simply send us a remittance for those disposed of, and, if you have met with reasonably good success, we will be glad to extend the time on the watches sixty days longer.

" Please sign the inclosed postal card and return it to us as soon as the shipment reaches you.

" Nov. 23, 1922.          " BERNADETTE, JOSEPH & CO.

" P. S. All watches returned must be in exactly as good condition as when received. We will not take back for credit any watches that have been worn."

The postal card mentioned and inclosed in the last-mentioned letter was signed by defendant and returned to plaintiff and contained this statement, " 13 watches shipped Nov. 23, 1922, received. All of these that are not sold are to be sent back to you. Payment is to be made only for those not returned."

Defendant received the thirteen watches in a package which also contained an invoice containing an itemized statement of the watches with the prices to be paid therefor by defendant if he did not return them. This invoice contained the words: " Sold to E. N. Van Buren." It was evidently the memorandum asked for by defendant in his first communication to plaintiff where he said: " Bill them on memorandum at the net wholesale price." The invoice also contained at the bottom of each sheet thereof a statement which the defendant insists should be disregarded and which for the purposes of this action may be disregarded without affecting the result of the action. There was a subsequent delivery of watches

under a precisely similar arrangement. Some of them were sold by defendant and the agreed price for those so sold was remitted to plaintiff. This action is to recover the price of those unsold and stolen.

The defendant contends that whether the contract was one of sale or consignment was a question of intention and that is true. But the Legislature has promulgated certain rules to assist in ascertaining intention. Section 100 of the Personal Property Law (as added by Laws of 1911, chap. 571), known as the Sales of Goods Act, is in part as follows: " Unless a different intention appears, the following are rules for ascertaining the intention of the parties as to the time at which the property in the goods is to pass to the buyer. * * * Rule 3. 1. When goods are delivered to the buyer ' on sale or return,' or on other terms indicating an intention to make a present sale, but to give the buyer an option to return the goods instead of paying the price, the property passes to the buyer on delivery, but he may revest the property in the seller by returning or tendering the goods within the time fixed in the contract, or, if no time has been fixed, within a reasonable time."

The intention of the parties as indicated in their correspondence could not have been made much clearer. The intent was that of an accomplished sale. The invoice accompanying the property used the verb in the past tense; *sold* to E. N. Van Buren. The price of the watches as between the parties was fixed. Defendant could sell them at any price he wished or give them away and was only answerable to plaintiff for the price established as between themselves. He might sell or return at his option any or all of them. The contract was clearly within the statute above quoted. There was no doubt or ambiguity as to the intention of the parties and, therefore, nothing for a jury to determine on that point. According to the statute, title to the property was in the defendant while the property was in his possession and the loss by larceny must, therefore, fall on him.

Independently of the statute there are numerous cases establishing the liability of the defendant. Some of them are as follows: *Greacen* v. *Poehlman* (191 N. Y. 493, 497, 498, and cases there cited); *Cook* v. *Gross* (60 App. Div. 446); *Chase* v. *Union Stone Co.* (63 How. Pr. 336); *Ludden* v. *Hazen* (31 Barb. 650); *Bonesteel* v. *Flack* (41 id. 435); *Fish* v. *Benedict* (74 N. Y. 613).

The order should be reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.

All concur.

Order reversed on the law, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.