## ROSS v. H. MICHAELYAN, Inc.

### No. 311.

Circuit Court of Appeals, Second Circuit.

April 11, 1932.

David Haar, of New York City, for appellant.

Percival S. Jones, of New York City (William W. Cantwell, of New York City, of counsel), for appellee.

Before MANTON, L. HAND, and SWAN, Circuit Judges.

MANTON, Circuit Judge.

In this action appellant seeks recovery of two payments of money made by the liquidator of A. T. Keywan, Inc., upon the theory, first, that it was unlawfully paid out of the corporation's funds to satisfy an obligation arising out of a contract of sale made with A. T. Keywan individually; and, second, that if the transaction referred to hereafter was with A. T. Keywan, Inc., it was invalid because preferential under section 15 of the New York Stock Corporation Law.

A. T. Keywan, Inc., was a New York corporation dealing in rugs. Its principal stockholder, A. T. Keywan, died on November 27, 1926, leaving a widow who became administratrix of his estate. The attorney for the administratrix, who was also attorney for the corporation, attempted to liquidate the corporation. Its liabilities exceeded its assets by $14,128.72. There was an insufficient sum realized in such liquidation to pay all the creditors up to the time of filing of a petition in bankruptcy in December, 1929. With creditors unpaid, the liquidator gave two checks out of the corporation's funds to appellee as payment in full for an alleged indebtedness of the corporation. One was made on May 31, 1927, and the other on October

19, 1927, in payment for two rugs, and the latter check was marked: "In full for any and all claims and demands to and including this date against A. T. Keywan, Inc." Demands were made by letters after the death of Mr. Keywan for the return of the rugs in which were stated their respective values and the amounts paid by the liquidator. The correspondence between the appellee and the liquidator has led to a dispute as to whether these rugs were sold or placed on consignment, and whether the transaction was with Mr. Keywan individually or with his corporation, the appellee. The appellee's letters emphasize that the transaction was with Mr. Keywan personally. The liquidator testified that he paid the moneys because he found that the goods had been delivered on memorandum and that the money received from the sale of the rugs had been collected and put into the corporation's assets, and that "the only honorable thing for us to do was to pay the bill." The appellee's testimony supports the claim that credit was given for the rugs to Keywan individually. The court below found that the transaction was a consignment sale and that the liquidator was justified in paying the full amount to the appellee even though other creditors could not be paid in full.

The invoices indicate a consignment of the rugs, and the letters and evidence bear this out. Upon this record it appears that the rugs were on consignment and not on approval. They were shipped out under memoranda and invoices which show that the transaction was to be a consignment and not a sale. The appellee knew that Keywan wanted the rugs for a specific purchaser and not as general stock. The rugs were shipped on October 26, 1926, and November 9, 1926, respectively. As late as May 9, 1927, the appellee in its letter to the liquidator stated that "according to the consignment agreement under which these rugs were sent to the late Mr. A. T. Keywan, these rugs were to be paid for immediately on receipt of the money by the consignee from his customer." In a letter of December 26, 1926, the appellee wrote to Keywan's brother stating that the rugs were given "on approval," and at the trial testified that such was the understanding between Keywan and him. The contract made is to be determined from the intention of the parties. Crescent Cable Co. v. Pratt Chuck Co., 18 F. (2d) 734 (C. C. A. 2); Bernadette, Joseph & Co. v. Van Buren, 212 App. Div. 702, 209 N. Y. S. 559. In Sturm v. Boker, 150 U. S. 312, 14 S. Ct. 99, 104, 37 L. Ed. 1093, the Supreme Court said: "The recognized distinction between bailment and sale is that when the identical article is to be returned in the same or in some altered form, the contract is one of bailment, and the title to the property is not changed. On the other hand, when there is no obligation to return the specific article, and the receiver is at liberty to return another thing of value, he becomes a debtor to make the return, and the title to the property is changed. The transaction is a sale. * * * The agency to sell and return the proceeds, or the specific goods if not sold, stands precisely upon the same footing, and does not involve a change of title."

In the invoice consigning these rugs, it is provided: "The merchandise shall belong to the consignor until sold and delivered and accepted and all avails shall belong to the consignor until a statement and remittance is received and accepted by the consignor."

Thus the consignee could return the rugs at the expiration of the stipulated time or before, sell the rugs, and hold the amount of the proceeds in trust for the appellee or buy the rugs himself, in which event he would become a debtor, for then there would be no specific avails. It is provided by the phrase of the invoice that Keywan had the option to purchase but did not have the title. By selling the rugs to his customer, he exercised his option and thereupon became a trustee or a debtor for the invoice price. Hunt v. Wyman, 100 Mass. 198; Baker v. Turner, 19 App. Div. 223, 46 N. Y. S. 25. Upon exercising the option, if he had the rugs upon consignment and made a sale, he was obligated to remit the proceeds to the appellee and his failure to do so made him a debtor. We said in Taylor v. Fram, 252 F. 465, 468: "The general rule, of course, is that where a person receives property which he is not bound to return in the identical form in which he receives it, but may account therefor in money or other property or thing of value, the transaction amounts to a sale, and not to a bailment. But this rule is not applicable to consignments for sale; the law being that the owner of a chattel may consign it or deliver it to an agent for sale without creating the relation of vendor and vendee between the parties. * * * In a sale title passes to the buyer, while in an agency or bailment title remains in the principal or bailor, although possession is transferred to the agent or bailee."

But the testimony of the liquidator concedes that the moneys received for the rugs went into the general corporate funds.

It is possible that the appellee could trace and segregate such sums. If it can, it may impress them with a trust for payment under the consignment. If not, it would be in the position of a creditor with no greater rights or liens than other creditors. Baker v. Turner, supra. In the latter event, the payment of the debt by the liquidator would be a preference under section 15 of the New York Stock Corporation Law (as amended by Laws 1923, c. 787). We think the court below should have allowed the appellee to produce such evidence as it could to establish a trust of the specific funds. This might be done, whether the transaction was had with the corporation or with Keywan individually. In the absence of establishing such a trust fund, the appellee is liable to the trustee in bankruptcy. Payment by the liquidator out of the corporate funds was preferential unless the funds are to be impressed with such a trust. To make payment otherwise was preferential under section 15 of the New York Stock Corporation Law, as amended, which prohibits the transfer of property and the payment of debts by a corporation with the intent to give a preference to any particular creditor over other creditors when the corporation is insolvent, and provides further that any person receiving such payment shall be bound to account therefor. A. T. Keywan, Inc., was insolvent when the payments were made and they were made as part of a general settlement of the company's affairs. On liquidation, the creditors received only about 53 per cent. of their respective claims and the appellee was paid in full. If the trust is not established, the appellee was but a contract creditor of the corporation, assuming that the consignment was to the corporation, and in that case it was not entitled to a preferential payment.

If the transaction was had with Keywan individually, it was unlawful to make payment out of the corporate funds when other creditors were unpaid. In the correspondence, the appellee shows clearly that it considered the transaction one with Keywan personally and changed this attitude only when there was a realization that it could not collect from the personal estate because of its financial condition.

The judgment will be reversed and the cause remanded. Upon a new trial to be had, the appellee may, if it can, establish the trust relationship and obligations imposed thereby; otherwise the appellant must recover.

Reversed and remanded.