**COMPUTER SEARCHING SERVICE CORPORATION, Petitioner,**

v.

**Honorable Sylvester J. RYAN, United States District Judge for the Southern District of New York, Respondent.**

**No. 761, Docket 71-1072.**

United States Court of Appeals, Second Circuit.

Argued Feb. 16, 1971.

Decided March 2, 1971.

Gabriel I. Levy, New York City, for petitioner.

William D. Conwell, New York City (White & Case, Laura Banfield, New York City, on the brief), for West Publishing Co. and the Honorable Sylvester J. Ryan.

Leibowitt, Milberg, Weiss & Fox, Melvyn I. Weiss, New York City, for Law Research Service, Inc., Ellias C. Hoppenfeld and Paul Wiener.

Before LUMBARD, Chief Judge, SMITH and FEINBERG, Circuit Judges.

FEINBERG, Circuit Judge:

This petition arises out of the addition of petitioner Computer Searching Service Corporation (CSSC) as a party defendant in a pending action in the United States District Court for the Southern District of New York between West Publishing Company and Law Research Service, Inc. (LRS) and two of its officers.[1]  West brought the suit in

1.  West Publishing Co. v. Law Research Service, Inc., 66 Civil 1735 (S.D.N.Y., filed July 7, 1966).

June 1966, alleging that LRS purported to do legal research by computer and had copied certain West key number digest indexes, thereby infringing various West copyrights. West further alleged that this material was put on computer tapes, which became a "data bank" to be printed out as needed. The complaint sought both injunctive and monetary relief.

In 1970, after a pre-trial order had been entered, West moved to join CSSC as a defendant on the ground that CSSC, an 83 per cent-owned subsidiary of LRS,[2] was "threatening to take over the infringing acts" of LRS. The basis for West's claim was LRS's alleged transfer of the supposedly infringing data bank to CSSC. West's motion was granted by Judge Croake. Thereafter, West filed an amended and supplemental complaint which CSSC answered with a number of defenses and counterclaims, some of which had not previously been made part of the case by LRS, and a demand for jury trial; LRS proffered a new answer as well. Prior to filing its answer, CSSC had instituted a separate action which asserted its counterclaims affirmatively.[3] West then moved, *inter alia*, to strike CSSC's counterclaims and its demand for jury trial. The district court, Sylvester J. Ryan, J., granted the motion. CSSC petitions for mandamus under 28 U.S.C. § 1651(a), seeking vacation of Judge Ryan's order.

■ With respect to the striking of CSSC's counterclaims, Judge Ryan's order, as we construe it, reaches a reasonable result. In its answer, CSSC first denied or admitted various allegations in West's amended complaint. Then, after a heading labelled "AS AND FOR AN AFFIRMATIVE DEFENSE AND AS AND FOR A FIRST COUNTERCLAIM," CSSC alleged 15 "Counts," or causes of action, set forth in over 100 separately numbered paragraphs. This portion of the answer incorporated, apparently word for word, CSSC's complaint in its separate action against West filed almost three weeks before, including a prayer for $200 million damages. Insofar as CSSC seeks affirmative relief in its counterclaims against West, CSSC will have an opportunity to litigate these claims in its pending action against West. It would have been both inefficient and inequitable to delay the action between West and LRS, otherwise ready for trial and high on the trial calendar, merely to allow CSSC's allegations to be pressed in the posture of counterclaims. Cf. Transmirra Products Corp. v. Monsanto Chemical Co., 27 F.R.D. 482 (S.D.N.Y.1961).

However, there remains one substantial problem. Some of the matter pleaded by CSSC as a counterclaim might also be an appropriate defense to West's copyright action, e.g., the invalidity of West's copyrights.[4] We do not construe Judge Ryan's order as depriving CSSC of the right to litigate such a defense unless it is irrelevant to the issues which CSSC will be called upon to defend. Both Judge Croake, who allowed West to amend its answer to assert a claim against CSSC, and Judge McLean, who ruled on requests by CSSC for discovery, regarded the claims of West against CSSC as quite limited. Judge Croake stated that by its motion to join CSSC as a party defendant, West sought:

> only to add a claim that *if* defendants have transferred to a controlled subsidiary, Computer Searching Services Corporation, any of the alleged infringing material which forms the subject of this suit, then that subsidiary should be joined as a party defendant, so that if plaintiff should win on the trial of the merits an order could be entered enjoining that sub-

---

2. Another 8% is owned by Paul Wiener, an LRS officer and individual defendant in the action; the rest of the shares are owned by three other individuals.

3. Computer Searching Service Corp. v. West Publishing Co., 70 Civ. 3692 (S.D. N.Y., filed Aug. 25, 1970).

4. Pleaded in paragraph 96 of the CSSC answer.

sidiary as well as the presently named defendants from such infringing activities. * * *

Joinder of the subsidiary is essential to protection of plaintiff's rights in this action since the injunctive relief which plaintiff seeks against the named defendants would be of little value if the facts proved at trial should show that the latter have transferred the infringing activities to the subsidiary. We note that this joinder raises no new issues except as to what was transferred to the subsidiary—matters which are certainly within the knowledge of defendants. [Emphasis in original.]

Similarly, Judge McLean stated:

[A]s far as CSSC is concerned, the primary issues are whether or not it acquired the allegedly infringing materials from Law Research and whether it is now carrying on substantially the same business formerly carried on by Law Research.

Thus limited, the joinder of CSSC seems to be another way of enforcing Fed.R.Civ.P. 65(d), which provides that:

[E]very order granting an injunction * * * is binding only upon the parties to the action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise.

The Supreme Court has interpreted this rule to make an injunction enforceable "in appropriate circumstances * * * against those to whom the business may have been transferred, whether as a means of evading the judgment or for other reasons." Walling v. Reuter Co., 321 U.S. 671, 674, 64 S.Ct. 826, 828, 88 L.Ed. 1001 (1944) (violation of Fair Labor Standards Act). See also Regal Knitwear Co. v. N.L.R.B., 324 U.S. 9, 14–15, 65 S.Ct. 478, 89 L.Ed. 661 (1945) (cease and desist order); Chanel Industries, Inc. v. Pierre Marche, Inc., 199 F. Supp. 748, 753 (E.D.Mo.1961) (trade-

mark infringement and unfair competition). We, of course, express no opinion on whether CSSC is in "active concert or participation" with LRS in the supposedly infringing business. But if it is, under the cases cited above, it was not even necessary to join CSSC as a party defendant to achieve the protection West sought. As we view it, it is clear that the issues to be tried against CSSC will in effect be the same as if West had already obtained an injunction against LRS and proceeded against CSSC under Rule 65(d). Therefore, CSSC can assert only those defenses which would be available to it in that posture. In other words, regardless of the form of West's complaint against CSSC it should not be treated as a general party defendant. Indeed, it would make matters less complicated if CSSC were dropped altogether as a formal party defendant, and West were to rely only on its rights under Rule 65(d), if it is successful against LRS. But we leave that to the parties and the court below.

CSSC's second objection to Judge Ryan's order is that it struck CSSC's demand for jury trial. This issue is complicated by the fact that West's amended complaint listed CSSC as one of the defendants from whom it demanded damages. West informs us that this was inadvertent error, which it claims will be cured when its amended complaint is again amended to conform to Judge Croake's order allowing joinder of CSSC as a defendant for the limited purpose of injunctive relief. Under this express understanding, which should be carried out by an immediate amendment in this respect of the complaint against CSSC if CSSC is not dropped as a party defendant, the action against CSSC is clearly equitable only. We therefore find no abuse of discretion in Judge Ryan's holding that CSSC is not entitled to jury trial under Dairy Queen, Inc. v. Wood, 369 U.S. 469, 82 S.Ct. 894, 8 L. Ed.2d 44 (1962), and its progeny.

Two minor issues remain. LRS suggests that Judge Ryan's order leaves it without an answer to West's amended

complaint since the amendment "rendered [its first answer] * * * *functus officio.*" We assume that the trial court will eliminate this problem by making clear that the case is governed by the carefully drafted pre-trial order. Likewise, Judge Ryan's statement that "all matters" submitted by CSSC are stricken might be misread to leave CSSC without any answer at all. As already indicated, we interpret this language to strike at this time only CSSC's demand for jury trial and those parts of the CSSC answer which state counterclaims and are not proper defenses to the limited issues it will be called upon to litigate as a party defendant, if it remains in the case in that capacity.

Based on the foregoing, the petition for mandamus is denied.