444 F.2d 65
 Annette HEYMAN, Individually, et al., Plaintiffs-Appellees,
v.
Robert S. KLINE, Defendant.
In the Matter of Plaintiffs' Application for an Adjudication of Contempt of Court against Mrs. Jeanne KLINE (wife of defendant Robert S. Kline), Respondent-Appellant.
 No. 912.
 Docket 71-1269.
 United States Court of Appeals, Second Circuit.
 Argued April 29, 1971.
 Decided June 10, 1971.
 
 S. Hazard Gillespie, New York City (Davis, Polk & Wardwell, New York City, on the brief), for appellant.
 Jon O. Newman, Hartford, Conn., for appellees.
 Before HAYS and FEINBERG, Circuit Judges, and BLUMENFELD, District Judge.*
 HAYS, Circuit Judge:
 
 
 1
 This appeal is taken from a final judgment of civil contempt entered in the United States District Court for the District of Connecticut against the appellant, Mrs. Jeanne Kline.
 
 
 2
 The contempt judgment against Mrs. Kline grew out of her refusal to quitclaim an interest in an option on a piece of real property in Florida. One-half interest in this option was assigned to her by her husband in August 1969. Five months later, the option became the subject of a plenary action in the District Court of Connecticut. Mr. Kline, the sole defendant in that suit, was subject to the jurisdiction of the district court under a Connecticut long-arm statute, because the action was based upon his alleged breach of an employment contract executed in Connecticut; Mrs. Kline, a resident of the State of Florida, was not a party to the plenary action, was never served with process, nor did she make an appearance in that action. The plenary suit ended in a judgment which enjoined Mr. Kline from taking any steps to exercise the option and ordered him to file a quitclaim deed executed by himself and his wife Jeanne Kline releasing all interest in the Florida real estate. The judgment included a permanent injunction containing the following provisions:
 
 
 3
 "3. Defendant, Robert S. Kline, his agents, servants, attorneys, nominees and persons with whom he is in active concert or participation, be, and they hereby are, permanently enjoined * * * from making any continuing claims by maintaining documents on the Land Records of Hillsborough County, Florida, in which * * * claims said Defendant, Robert S. Kline, his agents, servants, attorneys, nominees or persons with whom he is in active concert or participation, claim any right, title or interest in the [Tampa] property * * *."
 
 
 4
 Plaintiffs began a contempt proceeding by serving an order to show cause why both Mr. Kline and his wife should not be held in contempt for failure to comply with the court's judgment. Mr. Kline appeared in person, but his wife did not appear. Mr. Kline expressed his willingness to execute any documents necessary to comply with the court's order, but informed the court that his wife was unwilling to join him in the deed. Mr. Kline executed a quitclaim deed in the form suggested by the court and plaintiffs withdrew their application for a contempt order against him.
 
 
 5
 Appellant Mrs. Kline entered a special appearance for the purpose of presenting her claim that the court lacked jurisdiction over her in both the plenary action and the contempt proceedings. The court offered Mrs. Kline another opportunity to appear and comply, but she refused and a final judgment of contempt was entered against her. That judgment was based upon the court's conclusion that under Rule 65(d) of the Federal Rules of Civil Procedure Mrs. Kline was subject to the district court's jurisdiction because she was a "nominee" of her husband and a person "in active concert or participation" with him. The court held Mrs. Kline in contempt of court for her refusal to comply with the judgment in the plenary action by executing a quitclaim deed of her interest in the disputed property. The judgment of contempt imposed an escalating daily fine on Mrs. Kline to continue in effect until she purged herself of contempt by execution of the quitclaim deed. This court granted appellant's motion for a stay of the contempt judgment to continue until the decision of this appeal.
 
 
 6
 We find that the district court lacked jurisdiction to hold Mrs. Kline in contempt and we therefore reverse the determination of the district court.
 
 
 7
 Rule 65(d) of the Federal Rules of Civil Procedure provides:
 
 
 8
 "(d) Form and Scope of Injunction or Restraining Order. Every order granting an injunction and every restraining order * * * is binding only upon the parties to the action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise."
 
 
 9
 This provision is designed to codify the common-law doctrine "that defendants may not nullify a decree by carrying out prohibited acts through aiders and abettors, although they were not parties to the original proceeding." Regal Knitwear Co. v. NLRB, 324 U.S. 9, 14, 65 S. Ct. 478, 481, 89 L.Ed. 661 (1945).
 
 
 10
 If, as the district court held, Mrs. Kline was a mere "nominee" of Mr. Kline, then Mrs. Kline had no interest in the real property that Mr. Kline could not release. By holding that Mr. Kline was not in contempt of the court's order, the court in effect held that Mr. Kline could not release Mrs. Kline's interest, i. e., that Mrs. Kline was not a mere "nominee." But if Mrs. Kline had a genuinely independent interest in the property she could not be ordered by the Connecticut court to release that interest, because that court had no jurisdiction over her person. Rule 65(d) does not grant a court power so broad "as to make punishable the conduct of persons who act independently and whose rights have not been adjudged according to law." Regal Knitwear Co. v. NLRB, supra at 13, 65 S.Ct. at 481; see also, Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112, 89 S.Ct. 1562, 23 L.Ed.2d 129 (1969). "[I]t is not the act described which the decree may forbid, but only that act when the defendant does it." Alemite Mfg. Corp. v. Staff, 42 F.2d 832, 833 (2d Cir. 1930).
 
 
 11
 Plaintiffs are, of course, not without a remedy, since they may bring an appropriate action in Florida where the courts would have jurisdiction over appellant.
 
 
 12
 Reversed.
 
 
 
 Notes:
 
 
 *
 Of the United States District Court for the District of Connecticut, sitting by designation