**PARAMOUNT PICTURES CORPORATION,**
Plaintiff,

v.

**CAROL PUBLISHING GROUP, INC. and Sam Ramer, Defendants.**

**No. 97 Civ. 8500 (SAS).**

United States District Court, S.D. New York.

Aug. 7, 1998.

Jonathan Zavin, Richards & O'Neil, LLP, New York City, for plaintiff Paramount Pictures Corporation.

Melvin L. Wulf, Beldock Levine & Hoffman LLP, New York City, for defendant Carol Publishing Group.

Leon Friedman, New York City, for defendant Sam Ramer.

*SUPPLEMENTAL ORDER*

SCHEINDLIN, District Judge.

Plaintiff Paramount Pictures Corporation ("Paramount") brought this copyright infringement action against defendants Carol Publishing Group ("Carol Publishing") and Sam Ramer on November 14, 1997. On February 10, 1998, Paramount moved for a preliminary injunction pursuant to Fed.R.Civ.P. 65. Judge Samuel Conti, a visiting judge, issued an order, dated June 1, 1998, "enjoining Carol Publishing Group, Inc. and Sam Ramer, their agents, servants, employees, attorneys, successors, and assigns, and all persons, firms and corporations acting in concert with them, from printing, duplicating, manufacturing, publishing, distributing, marketing, advertising, promoting, soliciting or accepting orders for, selling or offering for sale *The Joy of Trek*." *Paramount Pictures Corp. v. Carol Publishing*, 97 Civ. 8500, 1998 WL 357337, at *9 (S.D.N.Y. June 1, 1998). Paramount now requests a supplemental order clarifying whether the preliminary injunction includes non-party distributors and retailers currently selling The *Joy of Trek*. Paramount asserts that these distributors and retailers are "acting in concert" with defendants and contends that Carol Publishing is obligated to notify these entities of the injunction enjoining their sale of the book. Carol Publishing opposes Paramount's request.

## I. Factual Background

In December 1997, Carol Publishing shipped nearly 6,000 copies of *The Joy of Trek* to various retailers and distributors. *See* Affidavit of Steven Schragis, Publisher of Carol Publishing ("Schragis Aff."), at ¶ 2. The books were sold on a return basis, whereby unsold inventory would be returned to Carol Publishing by early 1999. *Id.* at ¶ 9. By June 24, 1998, an estimated 1,200 to 1,500 copies of *The Joy of Trek* had been purchased from retailers and distributors and 1,000 copies had been returned to Carol Publishing. *Id.* at ¶¶ 2–3. After Judge Conti issued the June 1, 1998 preliminary injunction, Steven Schragis instructed his staff to stop shipping or selling any copies of *The Joy of Trek. Id.* at ¶ 4.

## II. Legal Standard

### A. *Clarifying a Preliminary Injunction*

 It is undoubtedly proper for a district court to issue an order clarifying the scope of an injunction in order to facilitate compliance with the order and to prevent "unwitting contempt." *See Regal Knitwear Co. v. National Labor Relations Board,* 324 U.S. 9, 15, 65 S.Ct. 478, 89 L.Ed. 661 (1945); *see also N.A. Sales Co. v. Chapman Industries Corp.,* 736 F.2d 854, 858 (2d Cir.1984) (district court properly issued clarifying order that specified conduct that would violate injunction). Although here it is the plaintiff, rather than the enjoined party that requests clarification of the entities bound by the injunction, the same objective of clarity supports the entry of a supplemental order. *Cf. International Business Machines Corp. v. Comdisco, Inc.,* 91 Civ. 6777, 1993 WL 155511, at *1 (N.D.Ill. May 10, 1993) (defendant's inquiry as to whom stipulation applies "falls within the purpose of allowing advisory examination of the scope of injunctive relief, prevention of unwitting contempts"). Just as "courts would not be apt to withhold a clarification in the light of a concrete situation that left parties or 'successors and assigns' in the dark as to their duty toward the court," *Regal Knitwear,* 324 U.S. at 15, 65 S.Ct. 478, the scope of an injunction should be clarified where there is any doubt as to whom it applies.

### B. *Determining the Scope of a Preliminary Injunction*

 Rule 65(d) provides that "[e]very order granting an injunction ... is binding only upon the parties to the action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise." While a court "cannot lawfully enjoin the world at large," *Alemite Mfg. Corp. v. Staff,* 42 F.2d 832, 832 (2d Cir.1930), an injunction binds a nonparty who has actual notice of an order and acts in concert with the enjoined party. *See Vuitton et Fils S.A. v. Carousel Handbags,* 592 F.2d 126, 129–30 (2d Cir.1979); *O & L Associates v. Del Conte,* 601 F.Supp. 1463, 1464 (S.D.N.Y.1985). In order for a nonparty to be bound, that entity must either aid and abet the defendant or be legally identified with it. *See People of State of New York by Vacco v. Operation Rescue Nat'l,* 80 F.3d 64, 70 (1996); *Vuitton,* 592 F.2d at 130; *Alemite Mfg.,* 42 F.2d at 833.

 Because a court's power to enjoin is limited to the conduct of a party, it is the relationship between the party enjoined and the nonparty that determines the permissible scope of an injunction. *See Regal Knitwear,* 324 U.S. at 15, 65 S.Ct. 478 (it is not the "reference.... merely to succession, but to a relation between the defendant and the successor which might of itself establish liability within the terms of Rule 65"); *Vuitton,* 592 F.2d at 130 (insufficient evidence of relationship between enjoined party and nonparty to find nonparty in contempt); *Alemite Mfg.,* 42 F.2d at 833 ("[T]he only occasion when a person not a party may be punished is when he has helped to bring about, not merely what the decree has forbidden, ... but what it has the power to forbid, an act of a party."). A nonparty in active concert cannot violate an injunction unless the enjoined party is also in contempt. *See United Pharmacal Corp. v. United States,* 306 F.2d 515, 516–17 (1st Cir.1962) ("[I]f the person enjoined is not involved in the contempt, an employee, and by the same token one in active concert or participation, cannot be either, because

the decree has not been violated."); *see also Herrlein v. Kanakis,* 526 F.2d 252, 254 (7th Cir.1975); *Heyman v. Kline,* 444 F.2d 65, 65–66 (2d Cir.1971) (Rule 65(d) does not authorize jurisdiction over persons who act independently and whose rights have not been adjudicated).

▪ Nor does an injunction reach backwards in time to action taken prior to the time it was issued. *See United Pharmacal,* 306 F.2d at 517 ("past contractual relationship is not controlling" on question of whether nonparty violated injunction); *Herrlein,* 526 F.2d at 254–55 (nonparty not bound by an injunction as defendant's successor in interest where the transfer of assets occurred prior to and therefore not in defiance of the court's order); *cf. Waffenschmidt v. Mac-Kay,* 763 F.2d 711, 724 (5th Cir.1985) (nonparties aided and abetted enjoined party where they accepted note after receiving notice of court's order prohibiting transfer of funds); *Forschner Group, Inc. v. New Trends, Vrolixs J.–C.,* Civ. A. No. B–89–531, 1994 WL 708129, at *7–8 (D.Conn. Aug.10, 1994) (nonparty acted in concert with defendant by negotiating agreement with defendant's successor in interest after entry of injunction and distributing enjoined goods pursuant to that agreement). Each case is fact specific. *See Vuitton,* 592 F.2d at 130. For example, in *O & L Associates,* 601 F.Supp. at 1464–65, a nonparty movie studio had acquired from defendants the "universal right, in perpetuity" to use the name "The Flirts" in connection with the movie, "The Karate Kid," before defendants were enjoined from using the name in any manner. Judge Edward Weinfeld, of this court, found that "an arm's length transaction involving totally distinct entities" and occurring eight months prior to the entry of the court's order failed to demonstrate that the nonparty acted in concert with defendants. *Id.*

## III. Discussion

▪ Paramount argues that the June 1, 1998 Order enjoins nonparty distributors and retailers from selling copies of *The Joy of Trek* that were purchased on a returnable

basis from Carol Publishing before the injunction was issued. Carol Publishing agrees that it sold copies of *The Joy of Trek* on a returnable basis, but contends that the retailers and distributors do not "act in concert" with defendants by selling these books. *See* Defendant's Letter–Memorandum at 7; Schragis Aff. at ¶ 9.

The injunction at issue extends neither to a "past contractual relationship" between Carol Publishing and nonparty retailers and distributors, *United Pharmacal,* 306 F.2d at 517, nor to independent action taken by nonparties on their own behalf. *See Heyman,* 444 F.2d at 65–66. Thus, the threshold question is whether the sales transactions between Carol Publishing and the nonparties now selling *The Joy of Trek* were complete before the injunction issued. Paramount alleges that Carol Publishing "does not complete the sale (and retain the financial benefit) of these books until they are purchased by the consumer," but fails to provide any evidence to support this claim. Plaintiff's Reply Letter–Memorandum ("Pl.'s Reply") at 2; *see also* Plaintiff's Letter–Memorandum at 4. Under New York's Uniform Commercial Code, "[u]nless otherwise agreed, if delivered goods may be returned by the buyer even though they conform to the contract, the transaction is ... a 'sale or return' if the goods are delivered primarily for resale." N.Y. U.C.C. Law § 2–326(1).[1] And, "[although a buyer retains the right to return goods, a completed sale is generally deemed to have taken place and title passes to the buyer." *Kamakazi Music Corp. v. Robbins Music Corp.,* 534 F.Supp. 57, 67 (S.D.N.Y. 1981); *see also Bernadette, Joseph & Co. v. Van Buren,* 212 A.D. 702, 209 N.Y.S. 559 (3d Dep't.1925) (title to watches sold with right to return passed to buyer on delivery). Thus, the retailers and distributors' purchases of *The Joy of Trek* became final before the entry of the injunction.

Paramount further argues that "by selling the book, these retailers and distributors may well be found directly liable for copyright infringement." *See* Pl.'s Reply at 2. Even if this assertion is correct, it is not a

---

1. The overwhelming majority of states have enacted an identical provision. *See* 3A Ronald A. Anderson, *Anderson on the Uniform Commercial Code* § 2–236:2 (3d ed.1995).

basis for expanding the scope of the injunction against Carol Publishing. A court "is not vested with sovereign powers to declare conduct unlawful; its jurisdiction is limited to those over whom it gets personal service, and who therefore can have their day in court." *Alemite Mfg.*, 42 F.2d at 832–33.

As in *Regal Knitwear*, 324 U.S. at 15, 65 S.Ct. 478, "[n]o concrete case is before us. We have an abstract controversy over the use of words." Paramount's request to clarify the injunction is not a request to hold the booksellers in contempt. Because the nonparty retailers and distributors have not been shown to be in "active concert or participation" with Carol Publishing, Defendant has no obligation to notify them of this Order. *Cf. Int'l Business Machines*, 1993 WL 155511, at *2 (defendants must "require its subsidiaries[, whose activities it controls,] to adhere to terms of the stipulation in the future"). Paramount, however, may decide to notify the booksellers that it will consider any further sales of *The Joy of Trek* to be an act of copyright infringement that it intends to pursue in court.[2]

## IV. Conclusion

For the foregoing reasons, Paramount's request to clarify the injunction to require Defendant to notify the booksellers that they are bound by the terms of the injunction is denied. Paramount has not demonstrated that the nonparty retailers and distributors are "acting in concert" with Carol Publishing. As a result, further book sales by these entities are not subject to the injunction, and Carol Publishing is under no obligation to notify them of the Order.

---

2. On or before August 25, 1998, Carol Publishing shall provide Paramount with a list of the names and addresses of the entities to which it has sold *The Joy of Trek*. Paramount may not disclose the contents of the list to others.